IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV89-1-W
3:05CR297

DONNELL ALEXANDER TAYLOR,         )
                                  )
        Petitioner,               )
                                  )
        v.                        )        **O R D E R**
                                  )
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.               )
_____)

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed March 6, 2009.

On August 23, 2005, Petitioner was indicted for possession with intent to distribute five grams or more of cocaine base; possession of a firearm in relation to a drug trafficking offense; and possession of a firearm by a convicted felon. On December 4, 2006, after a trial by jury, Petitioner was convicted on all three counts. On October 24, 2007, this Court sentenced Petitioner to 480 months imprisonment on the drug charge with a sixty month consecutive sentence on the possession of a firearm charge and a 120 concurrent sentence on the possession of a firearm by a felon charge. Petitioner directly appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On July 8, 2008, the Fourth Circuit, in an unpublished, per curiam opinion, affirmed Petitioner's sentence and conviction. Taylor v. United States, 283 Fed. App'x 172 (4th Cir. 2008).

On March 6, 2009, Petitioner timely filed the instant Motion to Vacate, Set Aside, or

Correct Sentence. In his Motion to Vacate, Petitioner argues that this Court lacked subject matter jurisdiction and that his counsel was ineffective.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

### II. LACK OF SUBJECT MATTER JURISDICTION

Petitioner asserts that this Court lacked subject matter jurisdiction over him. Petitioner did not raise his subject matter jurisdiction claim on direct appeal. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). To obtain review of a defaulted claim, a petitioner must first demonstrate either "cause and prejudice" or that he is actually innocent.[1] Id. at 622 (internal citations omitted). Ineffective assistance of counsel may constitute cause for default. See Wright v. Angelone, 151 F.3d 151, 160 & n.5 (4th Cir. 1998)(constitutional ineffective assistance of

---

[1] Petitioner does not allege that he is actually innocent.

2

counsel establishes cause sufficient to excuse procedural default). For the reasons stated below, Petitioner has failed to establish that his counsel was ineffective with regard to this claim. Accordingly, his failure to raise this claim on direct review has resulted in it being procedurally defaulted. Id.

Petitioner's contention that he received ineffective assistance of counsel because his counsel failed to challenge the Court's subject matter jurisdiction over him is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner's assertion that his counsel was ineffective for failing to challenge subject matter jurisdiction fails because Petitioner has not established that his counsel's performance was deficient or that he was prejudiced. Petitioner's argument relies heavily on general principles of subject matter jurisdiction and presents, as far as this Court can tell, very little analysis with regard to his particular case. Petitioner was convicted pursuant to 28 U.S.C. § 841, 18 U.S.C. § 924(c), and 18 U.S.C § 922(g). Petitioner has not presented any argument that persuades this

Court that it lacked subject matter jurisdiction over him based upon a general assertion that the statutes at issue are unconstitutional. Likewise, this Court is not persuaded by anything asserted by any argument specific to his case that subject matter jurisdiction was improper. Because subject matter jurisdiction was proper, Petitioner's counsel was not ineffective for failing to challenge it and Petitioner was not prejudiced by any failure to raise such a challenge.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Petitioner also asserts an independent ineffective assistance of counsel claim. Again, Petitioner provides a lengthy recitation of general law. Specific to his case, Petitioner alleges "as early as the suppression hearing that was held in this cause, the court lost jurisdiction . . . of all subject-matter as a result of the court's 'failure to complete the court - as the Sixth Amendment requires' . . . as that requirement relates to defense counsel's less than 'objectively reasonable choice.' . . . to argue that 'the burden of proof . . . should be beyond a reasonable doubt . . . in a suppression hearing . . . contrary to well-settled law." Petitioner also asserts that his counsel was ineffective for failing to challenge "the constitutionality of the statute that conferred jurisdiction of the 'secondary conduct of litigation,' . . . upon the district court." Petitioner asserts that with regard to both alleged errors prejudice is presumed.

Again, Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome

would have been different.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995).  Petitioner bears the burden of proving Strickland prejudice.  Fields, 956 F.2d at 1297.  If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong."  Id. at 1290.

Petitioner's assertion that his counsel was ineffective for failing to argue for a higher standard of proof at his suppression hearing fails on both the merits and on lack of prejudice.  Petitioner makes no attempt to establish how he was prejudiced by this argument presented by defense counsel.  Petitioner's assertion that prejudice is presumed for an ineffective assistance of counsel claim such as his is simply wrong.

Petitioner's assertion that his trial counsel was ineffective because he failed to challenge the constitutionality of one of the statutes under which Petitioner was convicted is meritless.  Petitioner provides no persuasive precedent to support a conclusion of any of these often-used federal statutes are unconstitutional.

Petitioner also alleges that his appellate counsel was ineffective for failing to argue on direct appeal that his trial counsel was ineffective.  Ineffective assistance of counsel claims are most properly raised on collateral, not direct, review.  See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003).  Moreover, Petitioner has not established prejudice as he has not set forth any meritorious ineffective assistance of counsel claims.  As such, Petitioner was not prejudiced by his counsel's failure to raise ineffective assistance of counsel claims on appellate review.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to review of any of the claims contained in his Motion to Vacate. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**.

Signed: July 20, 2009

Frank D. Whitney
United States District Judge